JOSEPH C. JORDAN and wife and others *vs.* ANDREW J. CLARK and others.

1. As a general rule, where the will is silent as to interest, a legacy bears interest only from the time it is made payable. But where a legacy to a child of the testator is made payable at a future day, and no maintenance in the meantime is provided for the legatee, the legacy bears interest from the death of the testator.

2. Where the testator has expressly provided maintenance up to a certain period, leaving a chasm between that period and the time of the payment of the legacy unprovided for, interest will be allowed upon the legacy during such interval, by way of maintenance.

3. Where the devisee of land charged with the payment of legacies, has furnished the legatees with support, though not in strict conformity with the requirements of the will, and such support was furnished and accepted as a substitute for the provision directed by the will, and was in fact more advantageous to the legatees than the interest on the legacies would have been, the period, during which such support was furnished, will be deducted from the time during which interest is allowed on the legacy.

4. Where a testator, by his will, provides that his minor children shall receive their maintenance upon his homestead farm, so long as the devisees and their mother agree to continue upon it and support them there, if the children, without the consent of their mother and the devisees, leave the farm during the period for which the testator provided for their maintenance there, they can claim it in no other form; but otherwise, if they leave by constraint, and not from choice.

5. Upon a bill filed to recover the interest of a legacy only, a decree cannot be made for the payment of the principal which has fallen due since the filing of the bill.

6. Such decree is not within the special prayer for relief, and could not have been prayed for at the time of filing the bill. If relief is asked to which the complainant is not entitled, the bill is demurrable.

7. Under the general prayer for relief, the relief granted must be agreeable to the case made by the bill, and such as the case stated will justify.

8. In a foreclosure suit if the mortgage is forfeited, and the complainant

entitled to a decree of foreclosure at the time of the commencement of the suit, a decree for the whole amount due upon the mortgage, whether it becomes due before or after the filing of the bill, is strictly within the prayer for relief, and such as the case stated will justify.

*Hannah* and *P. L. Voorhees*, for complainants.

*S. H. Grey*, for defendants.

THE CHANCELLOR.    The bill was filed by and on behalf of the infant children and legatees of Joel G. Clark, deceased, to recover the interest on certain legacies bequeathed to them by their father, or a provision for their support and maintenance.    The legacies are charged upon the real estate devised to the defendants.    The question raised by the pleadings is, whether, under the provisions of the will, the legatees are entitled to recover anything beyond the principal of the legacies.

The testator bequeathed to each of the complainants, his three daughters, Mary, Emeline, and Martha Jane, $400, to be paid to her at the age of twenty-one years, and charged his homestead farm with the same.    He devised his homestead farm in equal portions to his three sons, Andrew, Joel, and James, in fee, subject to the legacies in his will. He also bequeathed to his said sons, the devisees of the homestead, his stock, farming untensils, household goods and kitchen furniture, upon condition of their continuing on the homestead farm, and farming and cultivating the same to the best advantage and interest of the whole family; otherwise, to be sold for the benefit of his children in equal proportions.

By the eleventh item of his will, the testator requests that his wife and his said three sons shall continue on his farm, cultivating the same to the best advantage and interest of the whole family; and in case of refusal or neglect on their part so to farm the same, he directs that the farm shall be rented until his youngest son, James, becomes twenty-one years of age, and the net proceeds appropriated to schooling,

clothing, and maintaining his children equally. And in case of his wife and sons not agreeing to continue on the farm as requested, the testator further directs that his stock, farming untensils, household goods and kitchen furniture, shall be sold and applied to the schooling, clothing, and maintenance of his children equally.

At the time of his death, James, one of the sons, and the three daughters, were minors. James came of age on the fifth of March, 1852. Until this period the family continued together on the farm, as requested by the testator, and the complainants were there supported as provided for in the will. At this period the farm was partitioned between the three devisees.

The provisions of the will are somewhat conflicting, and the intention of the testator, as to the provision for the support of his minor children, after James came of age, not entirely free from doubt. If it was intended that the family should continue together upon the farm until the youngest child became of age, then the complainants were clearly entitled, upon the division of the farm by the defendants, to have the value of the stock, farming utensils, and household and kitchen furniture, applied to their support and education during their minority. If, on the other hand, it was intended that this provision should continue only till James came of age, as the defendants insist it was, then no provision whatever is made for the support of the complainants after that time, during their minority. Assuming the latter to be the true construction of the will, the complainants are entitled to recover interest on their legacies.

As a general rule, where the will is silent as to interest, a legacy bears interest only from the time it is made payable. But where a legacy to a child of the testator is made payable at a future day, and no maintenance in the meantime is provided by the testator for the legatee, the legacy bears interest from the death of the testator. *Brinkerhoff* v. *Ex'rs of Merselis*, 4 *Zab.* 680; *Cox* v. *Coykendall*, 2 *Beas.*

x *

138; *Mole* v. *Mole,* 1 *Dick.* 310; *Heath* v. *Perry,* 3 *Atk.* 101; *Lupton* v. *Lupton,* 2 *Johns. Ch. R.* 628.

So where the testator has expressly provided maintenance up to a certain period, leaving a chasm between that period and the time of the payment of the legacy unprovided for, interest will be allowed upon the legacy during such interval, by way of maintenance. *Chambers* v. *Goldwin,* 11 *Ves.* 1.

The period during which the complainants remained with their brother James, after the farm was divided, must be deducted from the time during which interest is allowed on the legacy. Though the provision furnished for their support during this period was not in strict conformity with the requirements of the will, it was no doubt furnished and accepted as a substitute for the provision directed by the will, and was more advantageous to the legatees than the interest on the legacy would have been. The answer states that the maintenance and schooling of the complainants, during the time when it was furnished pursuant to the directions of the will, cost from $1 to $1.50 per week. This is more than double the amount of the annual interest upon each legacy.

The fact alleged in the answer, that the defendants have paid the debts of the estate to an amount exceeding the value of the stock, farming utensils, and household and kitchen furniture, ordered to be sold for the benefit of the complainants, can in no wise affect their claim for relief. The will charges the debts, so far as they shall remain unsatisfied by the personal assets, upon the land devised to the defendants.

It was manifestly the desire of the testator that his minor children should receive their support and maintenance upon the farm, so long as the devisees and their mother agreed to continue upon the farm and to furnish the support there. Had the minor children, without the consent of their mother and brothers, left the farm during the continuance of the period for which the testator provided their maintenance upon the farm, they could have claimed it in no other form.

But not only did the defendants fail to continue to occupy the farm in the mode desired by the testator, but it is apparent, from the evidence, that the complainants left the farm by constraint, rather than from any choice of their own.

The claim of Jordan and wife has been satisfied since the filing of the bill of complaint. It must be referred to a master to ascertain and report the amount due for interest upon the legacies of the other complainants from the twenty-fourth of December, 1855, giving credits for all payments made since that time, by either of the defendants, for the support of the complainants.

It appears by the evidence that the principal of the legacy to one of the complainants, has fallen due since the filing of the bill of complaint. But no relief can be decreed on that ground. A decree for the principal of the legacy is not within the special prayer for relief. No such relief could have been prayed for at the time of filing the bill. If a complainant asks for relief when he is not entitled to it, his bill would be demurrable. *Story's Eq. Pl.*, § 17, 43.

Nor can such decree be made under the general prayer for relief, for the relief granted must be agreeable to the case made by the bill, and such as the case stated will justify. *Story's Eq. Pl.*, § 40, 42.

In a foreclosure suit, the complainant, in practice, recovers instalments of principal as well as of interest, falling due after the commencement of the suit. If the mortgage is forfeited, and the complainant entitled to a decree of foreclosure at the time of the commencement of the suit, a decree for the whole amount due upon the mortgage, whether it became due before or after the commencement of the suit, is strictly within the prayer for relief, and such as the case stated will justify. It becomes simply a question of the amount due upon the mortgage at the date of the master's report. This practice affords no justification for a decree for the principal of the legacy in this cause, however clear the complainants right may be.